WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-12-1298-001-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Gordon Sloan Smith, | |
| Defendant. | |

Pending before the Court is Defendant's Memorandum in Support of and Motion to Dismiss the Indictment. (Doc. 47.) For the reasons discussed below, Defendant's Motions is denied.

## BACKGROUND

Gordon Sloan Smith filed for bankruptcy on May 17, 2004, and identified a gold mine as part of his bankruptcy estate. On July 12, 2007, Smith allegedly sold a partnership in the mine for $950,000. The mine was still a part of the bankruptcy estate, and Smith did not report the sale to the bankruptcy trustee. On July 10, 2012, a grand jury indicted Smith on five counts related to fraud and bankruptcy. (Doc. 1.) On July 20, 2012, FBI agents arrested Smith. (Doc. 7.)

Smith now brings this Motion to Dismiss the Indictment arguing that his prosecution should be barred by laches or inexcusable delay, and that the indictment should be dismissed due to governmental misconduct in the arrest and interrogation. In support of his argument, Smith identifies eight "indispensable material witnesses" who have died during the alleged delay. (Doc. 47, at 2.)

**ANALYSIS**

**1.      Statute of Limitations, *Laches*, and Inexcusable Delay**

Smith was indicted within the statute of limitations. As Smith concedes in his Reply, the general statute of limitations for federal crimes is five years. 18 U.S.C. § 3282(a) (2006). The allegedly fraudulent sale occurred on July 12, 2007. The indictment on July 10, 2012, was within five years of that date.

The equitable doctrine of laches does not apply to Smith's case. The Ninth Circuit recently noted that there are "no case[s] applying a laches defense in the criminal context." *United States v. Batson*, 608 F.3d 630, 633 (9th Cir. 2010) (quoting *United States v. Milstein*, 401 F.3d 53, 63 (2d Cir. 2005) (per curiam)). Smith cites several cases applying laches in bankruptcy cases, but the Court declines his invitation to expand the traditional reach of that discretionary, equitable doctrine into this criminal case.

Although not barred by the statute of limitations or laches, a prosecution can be prohibited by the related doctrine of pre-indictment delay.

> "The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay." *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989). Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). In some circumstances, however, "the Due Process Clause requires dismissal of an indictment brought within the [statute of] limitations period." *Id.*

*United States v. Corona–Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). The Ninth Circuit has established a two-part test for determining when an indictment must be dismissed for pre-indictment delay.

First, the defendant must prove "actual, non-speculative prejudice from the delay." *Id.* To satisfy this requirement, the defendant must provide "proof that demonstrates exactly how the loss of evidence or witnesses was prejudicial." *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005). "The defendant's burden to show actual prejudice is heavy and is rarely met." *Id.* "'Courts apply the actual prejudice test stringently.'" *United*

- 2 -

*States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) (quoting *United States v. Butz*, 982 F.2d 1378, 1380 (9th Cir. 1993)).

For example, the court rejected the defendant's argument in *Corona–Verbera* that the death of witnesses and other lost evidence constituted actual prejudice. 509 F.3d at 1112–13. It noted that protection from lost testimony is usually provided by the statute of limitations. *Id.* Further, the defendant's argument was "based on generalized speculation as to what lost or deceased witnesses would have said." *Id.* The prejudice argument was "pure conjecture" because the defendant had not provided affidavits or any other non-speculative proof on the record about what the deceased would have said. *Id.* The defendant's argument in *Corona–Verbera* failed the stringent first prong.

Under the second prong, the length of the delay is weighed against the reasons for the delay, and the defendant "must show that the delay offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* at 1112 (quotation marks and citations omitted). The second prong of the test applies only if the defendant has shown actual prejudice. *Id.*

Here, Smith fails to demonstrate actual, non-speculative prejudice and his argument fails the first prong for establishing excessive pre-indictment delay. First, Smith has not proven whether any of these eight witnesses would in fact have provided favorable testimony at all. Like the defendant in *Corona–Verbera*, Smith's assertion that deceased individuals would have provided indispensable testimony is generalized speculation, pure conjecture, and unsupported by affidavit or otherwise. As noted during the hearing, some of the proposed testimony that the eight witnesses would have offered was inadmissible hearsay and would not have been presented at trial even if the witnesses were still alive.

Second, Smith's counsel conceded that all of the asserted testimony from the eight deceased individuals would have been corroborative in nature. Because, presumably, Smith can still provide the substance of that testimony from other witnesses, the loss of these witnesses is not fatal to his ability to present his case. The possibility that such

cumulative testimony might be more persuasive to a jury is speculative, and does not meet the heavy burden of proving exactly how actual prejudice would result.

The Court concludes that Smith has failed to carry his heavy burden of showing actual, non-speculative prejudice from the Government's delay. As noted above, the second prong of the Ninth Circuit's test—the reasons for the delay—applies only if the defendant has demonstrated such prejudice.

**2.     Government Misconduct**

In the second portion of the Motion to Dismiss the Indictment, Smith summarizes his arguments from his separate motions to dismiss. (Docs. 42, 43, 45.) Smith argues that the FBI's alleged misconduct merits not only the suppression sought in those motions, but also a dismissal of the indictment. The Court has separately considered and rejected those allegations of misconduct. (Doc. 86.) Even if there were a reason to suppress anything from the arrest or interrogation, Smith has cited no authority for the proposition that the indictment should consequently be dismissed. The grand jury indicted Smith before his arrest and the sufficiency of his indictment cannot be undermined by the FBI's subsequent conduct, even if it had been misconduct.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Memorandum in Support of and Motion to Dismiss the Indictment, (Doc. 47), is **denied.**

Dated this 16th day of October, 2013.

_A. Murray Snow_
G. Murray Snow
United States District Judge